IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILLIAM HULEN TAYLOR, JR. and SHANNON D. TAYLOR | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| vs. | § § | 3:12-cv-321 |
| JPMORGAN CHASE BANK, N.A. | § § | JURY DEMANDED |
| Defendant. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, WILLIAM HULEN TAYLOR, JR., and SHANNON D. TAYLOR, and files this their Original Complaint against Defendant, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION (hereinafter "Chase"), and for cause of action would respectfully show unto the Honorable Court as follows:

### I.  RELATED CASE

This lawsuit arises from a breach of settlement agreement in the following underlying case:

Civil Action No. 3:10-cv-00334; *William Hulen Taylor and Shannon D. Taylor vs. Chase Home Finance, LLC d/b/a Chase Texas Home Finance and JPMorgan Chase Bank, N.A.*; In the United States District Court, Southern District of Texas, Galveston Division.

### II.  PARTIES

1.    Plaintiff, William Hulen Taylor, Jr., is an individual whose address is 107 Tower Drive, Friendswood, Texas 77546.

2.     Plaintiff, Shannon D. Taylor, is an individual whose address is 107 Tower Drive, Friendswood, Texas 77546.

3.     Defendant, JPMorgan Chase Bank, N.A. is a national bank association registered to do business in Texas.   Service of process may be made according to the laws of the State of Texas by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.

### III.   JURISDICTION AND VENUE

4.     The Court has diversity jurisdiction.   Plaintiffs are citizens of Texas.   Defendant JPMorgan Chase Bank, N.A. is a nationally chartered banking association with its main office in Ohio.   The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

5.     Venue is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District and is where the property at issue is situated.   Specifically, the property at issue is located in Galveston County, Texas.

### IV.   FACTS

6.     The Taylors originally filed suit against Chase on August 3, 2010, in the 212th Judicial District Court of Galveston County, Texas.   Subsequently, Chase removed the case to federal court.   The Taylors sought causes of action against Chase for breach of contract, declaratory judgment, and violations of Article XVI of the Texas Constitution, in relation to a home equity loan secured by the Taylors' homestead.

7.     On or about March 8, 2011, the parties entered into a Compromise Settlement Agreement and Release of Claims, in which the case was subsequently dismissed.[1]

---

[1] *See* Exhibit "**A**" (Settlement Agreement and Mutual Release).

8.      The Taylors are current on all home equity loan payments due and owing Chase pursuant to the Compromise Settlement Agreement and Promissory Note, as all payments are automatically debited by Chase from the Taylors' checking account.   Specifically, the Taylors executed a Promissory Note dated August 14, 2006, whereby the Taylors promised to Chase the principal sum of $78,000.00, with a 7.9% fixed interest rate per annum in 360 monthly installments of $566.57. An additional $56.66 is also automatically deducted from the Taylors' account each month for optional insurance coverage.

9.      Despite the Taylors' compliance with the terms and conditions of the Settlement Agreement and Promissory Note, Chase refuses to acknowledge any such Settlement Agreement and continuously refuses to properly apply the Taylors' payments.   Specifically, from July 2011 to January 2012, not a single payment made by the Taylors has been applied towards principle. Despite the parties entering into a Settlement Agreement, there still remains a discrepancy between the amount Chase shows the principal balance to be and what the true amount should be according to a standard amortization schedule.

10.     Furthermore, Chase wrongfully harasses the Taylors by continuously alleging their loan is in default, assesses their loan with unearned fees and penalties, and wrongfully reports late payments.

11.     At all material and relevant times, the Taylors have timely paid all loan and insurance payments in compliance with the terms and conditions of the Settlement Agreement and Promissory Note.

12.     Despite the Taylors' compliance, Chases continues and still continues on a monthly basis to wrongly demand amounts not due and owing.   As a result of Chase's wrongful conduct and in breach of the Settlement Agreement and Promissory Note, the Taylors have incurred unearned

fees and penalties and damage to their credit reputation, preventing them from being able to take advantage of lower interest rates to refinance their Promissory Note and/or to obtain other financing.

## V.  BREACH OF CONTRACT

13.    Plaintiffs incorporate by reference all facts and circumstances set forth under paragraph IV herein.  Plaintiffs and Defendant entered into a valid and enforceable Settlement Agreement. Despite contractual obligations by Defendant and in breach of the Settlement Agreement, Defendant refuses to acknowledge the terms of said agreement and continuously harass Plaintiffs for amounts not due and owing and accessing unearned fees and penalties.  Specifically, section 1.2 of the Settlement Agreement specifically states:

1.    Consideration and Release

[…]

1.2    CHF [Chase Home Finance, LLC, now merged with Defendant, JPMorgan Chase Bank, N.A.] agrees to provide the Taylors with a payoff quote for the Loan, which will exclude $661.88 as deferred interest, the same being waived by CHF.[2]

14.    To date, the Taylors have not been provided with an accurate payoff quote for the Loan by Defendant.  Furthermore, $661.88 has not been excluded from the Taylors' loan.  Chase's misapplication of payments continuously occur despite the parties Settlement Agreement and Promissory Note.  Notably, from July 2011 to January 2012, Defendant refused to apply any of Plaintiffs' payments to the principle amount, despite continuous phone calls and letters by the Taylors to Chase.  Since the Settlement Agreement, Chase has misapplied the following loan payments made by the Taylors:

---

[2] *See* Exhibit "A" at p.1 (Settlement Agreement and Mutual Release).

-4-

| | |
|---|---|
| May 19, 2011 | Chase applied the $661.88 as a payment instead of excluding it from the Taylors loan pursuant to the Settlement Agreement. $623.23 ($566.57 + $56.66) was never auto debited from the Taylor's bank account. |
| June 2, 2011 | $623.23 payment was made. $63.78 was applied to principal, and $502.79 applied to interest. $56.66 was applied as a fee assessment. |
| June 20, 2011 | $623.23 was auto debited from the Taylor's bank account. $566.57 was applied to principal, and $0.00 applied to interest. $56.66 was applied as a fee assessment. |
| July 20, 2011 | $623.23 was never auto debited from the Taylor's bank account.   Chase applied a $56.66 fee assessment. |
| August 20, 2011 | $679.89 was auto debited from the Taylor's bank account. $0.00 was applied to principal, and $566.57 applied to interest. $113.32 was applied as a fee assessment. |
| September 20, 2011 | $623.23 was auto debited from the Taylor's bank account. $0.00 was applied to principal, and $566.57 applied to interest.   $56.66 was applied as a fee assessment. |
| October 20, 2011 | $623.23 was auto debited from the Taylor's bank account. $0.00 was applied to principal, and $566.57 applied to interest.   $56.66 was applied as a fee assessment. |
| November 17, 2011 | $600 payment was made.   $0.00 was applied to principal, and $566.57 applied to interest.   $33.43 was applied as a fee assessment. |
| November 30, 2011 | $23.23 payment was made and was applied as a fee assessment. |
| December 20, 2011 | $623.23 was auto debited from the Taylor's bank account. $0.00 was applied to principal, and $566.57 applied to interest.   $56.66 was applied as a fee assessment. |
| January 20, 2012 | $623.23 was auto debited from the Taylor's bank account. $0.00 was applied to principal, and $566.57 applied to interest.   $56.66 was applied as a fee assessment. |
| February 20, 2012 | $623.23 was auto debited from the Taylor's bank account. $28.10 was applied to principal, and $538.47 applied to interest.   $56.66 was applied as a fee assessment. |

March 20, 2012        $623.23 was auto debited from the Taylor's bank account.
                      $101.61 was applied to principal, and $464.96 applied to
                      interest.  $56.66 was applied as a fee assessment.

April 20, 2012        $623.23 was auto debited from the Taylor's bank account.
                      $70.23 was applied to principal, and $496.34 applied to
                      interest.  $56.66 was applied as a fee assessment.

May 20, 2012          $623.23 was auto debited from the Taylor's bank account.
                      $86.69 was applied to principal, and $479.88 applied to
                      interest.  $56.66 was applied as a fee assessment.

June 20, 2012         $623.23 was auto debited from the Taylor's bank account.
                      $71.28 was applied to principal, and $495.29 applied to
                      interest.  $56.66 was applied as a fee assessment.

July 20, 2012         $623.23 was auto debited from the Taylor's bank account.
                      $87.71 was applied to principal, and $478.86 applied to
                      interest.  $56.66 was applied as a fee assessment.

August 20, 2012       $623.23 was auto debited from the Taylor's bank account.
                      $72.34 was applied to principal, and $494.23 applied to
                      interest.  $56.66 was applied as a fee assessment.

September 20, 2012    $623.23 was auto debited from the Taylor's bank account.
                      $72.83 was applied to principal, and $493.74 applied to
                      interest.  $56.66 was applied as a fee assessment.

15.     Despite the parties' Settlement Agreement, Chase continuously refuses to honor any such

agreement and Promissory Note and demands amounts not due and owing from Plaintiffs.  As a

result of Defendant's breach of the Settlement Agreement, Plaintiffs have been wrongfully placed

in default on their loan, charged with unearned fees and penalties.

16.     Additionally, Plaintiffs would show that the actions and/or omissions of Chase constitute a

breach of the Promissory Note, which proximately caused the direct and consequential damages of

Plaintiffs described herein.  The payment provision of the Promissory Note provides:

PAYMENT.  I will pay this loan in 360 payments of $566.57 each payment.  My
first payment is due September 15, 2006, and all subsequent payments are due on
the same day of each month after that.  My final payment will be due on August
15, 2036, and will be for all principal and all accrued interest not yet paid.
Payments include principal and interest.  Unless otherwise agreed or required by

applicable law, payments will be applied first to accrued unpaid interest, then to principal, and any remaining amount to any unpaid collection costs and late charges.  Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the annual interest rate over the number of days in a year (366 during leap years), multiplied by the outstanding balance, multiplied by the actual number of days the principal balance is outstanding.[3]

17.    The amount of each payment made by Plaintiffs since March 2011 that was applied to reduce the outstanding principal balance varied drastically and incorrectly, to which Plaintiffs were assessed unearned fees and penalties.  As a result, Chase is in breach of the Promissory Note's "Payment" provision regarding the manner in which payments were to be applied.

18.    As a result of Chase's wrongful breach of the Settlement Agreement and Promissory Note, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf.  Accordingly, Plaintiffs seek to recover their costs and reasonable and necessary attorneys' fees as permitted under Section 38.001 of the Civil Practices & Remedies Code, and any other such damages to which Plaintiffs may show themselves to be justly entitled by law and in equity.

## VI.  VIOLATIONS OF D.C.P.A.

19.    Plaintiffs incorporate by reference all facts and circumstances set forth in paragraphs IV and V herein.  Defendant's actions constitute violations of the Texas Debt Collection Practices Act, pursuant to Texas Finance Code chapter 392.  Defendant, as a debt collector, committed wrongful acts against Plaintiffs, including but not limited to the following ways:

      a.    Used threatening or coercive methods to collect a debt;[4]

      b.    Harassed or abused Plaintiffs to collect a debt;[5]

      c.    Used unfair or unconscionable means to collect a debt;[6]  and

---

[3] See Exhibit "B" at p. 1 (Promissory Note)(emphasis added).  Due to Hurricane Ike, Plaintiffs were afforded a payment extension for two month, which extended the maturity date of the loan to October 20, 2036.
[4] Tex. Fin. Code §392.301.
[5] Tex. Fin. Code §392.302.

           d.      Made fraudulent, deceptive, or misleading representations to collect a debt.[7]

20.     As a direct and proximate result of Defendant's acts and conduct, Plaintiffs have suffered actual and foreseeable injuries as a result of Defendant's wrongful acts.[8]  Thus, Plaintiffs are entitled to recover actual damages, injunctive relief, exemplary damages, pre-judgment and post-judgment interest, court costs, and reasonable attorney's fees.

## VII.  VIOLATIONS OF HOME EQUITY LENDING TEXAS CONSTITUTION REQUIREMENTS

21.     Plaintiffs incorporate by reference all facts and circumstances set forth in paragraphs IV and V herein.  The home equity loan provisions of the Texas Constitution detail the terms and conditions of a home equity loan and the rights and obligations of the borrower and lender.[9] Under these provisions, a loan must comply with all the requirements set forth in the constitution to be a valid home equity home and create a valid homestead lien.[10]   A home equity loan that fails to comply with these requirements is invalid.[11]   Specifically, Chase's home equity loan provisions provided and signed by Plaintiffs stated:

> 10.     That except as provided by subparagraph (xi) of Section 50(a)(6)(Q), Article XVI, Texas Constitution, the lender or any holder of the note for the extension of credit shall forfeit all principal and interest of the extension of credit if the lender or holder fails to comply with the lender's or holder's obligations under the extension of credit and fails to correct the failure to comply not later than the 60th day after the date the lender or holder is notified by the borrower of the lender's failure to comply by taking the action required by Section 50(a)(6)(Q)(x), Article XVI, Texas Constitution.[12]

22.     Chase has incorrectly allocated payments made by the Plaintiffs toward principal and interest.  In doing so, Chase has failed to comply with its obligations under the loan and in

---

[6] Tex. Fin. Code §392.303.

[7] Tex. Fin. Code §392.304.

[8] Tex. Fin. Code §392.403(a)(2).

[9] *See* Tex. Const. art. XVI, § 50(a)(6)(A)-(Q).

[10] *See* Tex. Const. art. XVI, § 50(c).

[11] *Id.*

[12] *See* Exhibit "C" at p. 3, ¶10 (Owner Acknowledgement; August 14, 2006).

violation of Section 50(a)(6)(Q)(x), Article XVI of the Texas Constitution.  Importantly, Chase had sixty (60) days from the date Plaintiffs notified it of the non-compliance to correct the defect in the manner described.[13]   On November 30, 2011, Plaintiffs notified Chase in writing of Chase's payment defects of the home equity loan, but Chase refused and continues to refuse to correct its errors.  Because Chase failed to cure the defects within the sixty (60) day period, it forfeits the principal and interest of the loan.[14]

## VIII.   DAMAGES

23.    Plaintiffs incorporate by reference all facts and circumstances set forth under paragraphs IV, V, VI, and VII herein.   As a direct result of Defendant's wrongful conduct and breach of contract, Plaintiffs seek the following damages:

   a.    actual damages;

   b.    loss of credit reputation;

   c.    exemplary damages;

   d.    principal and interest of Plaintiffs' loan forfeited by Defendant;

   e.    costs and expenses of this suit, incurred as a result of Defendant's wrongful conduct and breach of contract;

   f.    pre- and post-judgment interest; and

   g.    reasonable and necessary attorneys' fees as permitted by law or in equity.

## IX.   JURY DEMAND

24.    Plaintiffs demand a jury trial and tenders the appropriate fee herewith.

---

[13] *See* Tex. Const. art. XVI, § 50(a)(6)(Q)(x).
[14] *Id.*

## X.   CONDITIONS PRECEDENT

25.    All conditions precedent to Plaintiffs' claims for relief have been performed or has occurred as required by law.

## XI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, WILLIAM HULEN TAYLOR, JR. and SHANNON D. TAYLOR, respectfully requests that Defendant, JPMorgan Chase Bank, N.A., be cited to appear and answer herein, that upon final trial by jury of this cause, Plaintiffs recover judgment of and from Defendant for the full amount of damages as provided by law, and against Defendant for such amount as the Court determines to be proper, together with costs, pre-judgment interest from the date of the occurrence herein until trial, post-judgment interest, attorneys' fees, and such other and further relief, at law and in equity, both general and special, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

THE COLLINGS LAW FIRM, PLLC

By: _____
Chris D. Collings
Texas Bar No. 24036382
Southern District Bar No. 34249
Tanya Y. Niblett
Texas Bar No. 24065823
Southern District Bar No. 973363
1770 St. James Place, Suite 420
Houston, Texas 77056
(713) 337-1180
(713) 337-1179 (Telecopier)
ATTORNEYS FOR PLAINTIFFS
WILLIAM HULLEN TAYLOR, JR. and
SHANNON D. TAYLOR